See also D.C., 247 F.Supp. 790.

---

**Harry H. ZUCKER, Plaintiff,**

**v.**

**Lawrence H. BAER, as Regional Director, New York Region, United States Civil Service Commission and John W. Macy, Jr., Chairman, Ludwig W. Andolsek and Robert E. Hampton, Commissioners Comprising and Constituting the United States Civil Service Commission, Defendants.**

**No. 65 Civ. 126.**

United States District Court
S. D. New York.

Jan. 24, 1967.

Harry H. Zucker, pro se.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, Dawnald R. Henderson, Asst. U. S. Atty., New York City, of counsel, for defendants.

### OPINION

MANSFIELD, District Judge.

In this action, instituted pursuant to Title 5 U.S.C.A. § 1009, plaintiff seeks to set aside a decision of the New York Regional Director ("Director" herein) of the United States Civil Service Commission ("Commission" herein) refusing to reclassify him from the position of Veterans Claims Examiner, Grade GS–9, to Grade GS–11. A Veterans Claims Examiner, speaking generally, makes administrative decisions or adjudications with

respect to a variety of issues that may arise in the processing and prosecution of claims filed by veterans with the Veterans Administration for payment or other relief pursuant to legislation for the benefit of veterans. The Director denied plaintiff's appeal for reclassification by a letter decision dated November 20, 1964. Plaintiff seeks summary judgment setting aside the Director's decision as arbitrary and illegal and remanding the case to the Commission for a decision consistent with the Court's opinion.

Plaintiff's attack upon the Director's decision is based on his contentions that the Commission disregarded evidence submitted by him to it in support of his application; that it failed to make findings on the issue of whether he performed the functions performed by a Veterans Claims Examiner Grade GS–11; and that it applied the wrong legal standard in refusing to reclassify him to Grade GS–11.

Turning to plaintiff's first contention, it appears that the Commission, in the exercise of powers vested in it by the Classification Act of 1949, as amended (5 U.S.C.A. § 5115), had established Official Position Descriptions or classification standards for the various grades of position of Veterans Claims Examiner, including GS–9 and GS–11. According to these descriptions there is a difference or distinction between GS–9 and GS–11, which is found principally in the nature of the claims adjudicated by examiners in these respective classifications and the extent of the authority vested in the person classified at each of the levels. According to these position descriptions, although examiners in both categories assume many responsibilities that are identical, the GS–11 examiner is required to adjudicate claims involving more complex, novel, controversial and difficult questions than is the GS–9 examiner. The GS–11 examiner must also train, and provide technical guidance to, lower grade examiners (including GS–9 examiners) and exercise more initiative than the GS–9 examiners in the development of facts and evidence and in the definition

of legal issues arising from the claims presented to them for adjudication.

The gist of the complaint in this action is that the plaintiff, who is presently classified Grade GS–9 is entitled to reclassification to Grade GS–11 for the reason that he is in fact performing all of the functions and duties set forth in the Commission's Official Position Description for a GS–11 classification, except for minor, insignificant tasks. In support of his July 21, 1964 appeal to the Commission for reclassification, plaintiff submitted to the Commission a detailed statement setting forth his version of the duties actually performed by him and other GS–9 examiners, compared with the Official Position Description for the GS–9 and GS–11 levels. The Chief of the Program Management and Review Section of the New York Region of the United States Civil Service Commission then interviewed the plaintiff, his co-petitioners, his supervisor and persons in the New York office of the Veterans Administration who performed functions classified in Grade GS–11, and witnessed samplings of the work performed by those in both classifications. Thereafter he prepared the decision dated November 20, 1964, signed by the Regional Director, denying plaintiff's appeal for reclassification.

The defendant's answer, the Director's decision letter of November 20, 1964, and the opposing affidavit of the Chief of the Program Management and Review Section of the New York Region of the United States Civil Service Commission, all take issue with plaintiff's contention that the evidence submitted by him was not considered by the Commission, as well as with his description of the duties actually performed by him. The Director's decision letter on its face appears to reflect a thorough consideration and study of the evidence and sources submitted to the Commission. After noting that the Commission had "reviewed fully the information submitted by you", it pointed out that the Commission had conducted its own investigation of the facts through "interviews with you, your

co-appellants and your supervisors", as a result of which it had determined that while GS–9 examiners sometimes adjudicate more difficult or complex claims as part of their training or without specific authorization, there was generally a difference in the work performed by the plaintiff and his co-appellants and those who had been classified as GS–11 examiners, the latter handling the more difficult cases. This issue of fact is further sharpened by the affidavit of Samuel Friedman, the Commission's. representative who conducted the investigation and drafted the Commission's November 20, 1964 decision, to the effect that as a result of his study he "determined that there was a difference between the work being performed by the petitioners including plaintiff and that being performed by persons classified in Grade GS11".

■ In view of the issues raised by the parties with respect to the facts on which plaintiff bases his motion, summary judgment must be denied. Rule 56(c), F.R.Civ.P.; see Colby v. Klune, 178 F.2d 872 (2d Cir. 1949). As pointed out previously, one of these issues concerns whether the Director gave adequate consideration to the evidence submitted by plaintiff. Despite the fact the opinion letter of November 20, 1964 stated that that evidence had been taken into account, the Director might have been a bit more specific on this point. Plaintiff, however, will receive a full hearing on this question at trial and thereafter can hardly claim to have been prejudiced by such a relatively minor lack of specificity.

■ A further reason for denying plaintiff's motion is the lack of merit in his underlying contention that the Commission wrongfully promulgated a definition of the term "position" in contravention of the Classification Act. Title 5 U.S.C.A. § 5102(a)(3) states: " '[P]osition' means the work, consisting of the duties and responsibilities, assignable to an employee;". Pursuant to Title 5 U.S.C. § 5115, the Commission promul-

gated a regulation providing: " 'Position' means the work, consisting of the duties and responsibilities, assigned by competent authority for performance by an officer or employee." 5 C.F.R. § 511.101(f). Plaintiff contends that the word "assignable" used in the statute requires the Commission to reclassify his position according to the duties and responsibilities actually being performed by him, i. e., his *de facto* activities, as distinguished from the duties "assigned" to him by his superiors under the Commission's definition of the term, and that the Commission's redefinition of the term "position" by substituting the words "assigned by competent authority" for the word "assignable" was contrary to the express language and meaning of the statute and violative of his rights under the statute. In short, plaintiff's position is that the relevant question is what responsibilities were assumed by him (whether or not on his own initiative) rather than what responsibilities were delegated to him by the proper authority.

The error in plaintiff's position lies in his failure to distinguish between the statute's general description of a position, on the one hand, and the right of a person to assume *or* hold a position, on the other. Quite clearly, one does not assume or hold a position until it has actually been assigned to him by competent authority, and, it is equally clear that one should not be permitted to apply for a reclassification of a position until he holds it. 5 U.S.C.A. § 5112. Otherwise, there could be no effective organization of authority within the Civil Service. Employees would be free to assume unto themselves responsibilities they had no right to assume in an effort to upgrade their classifications. The result could be chaos, compounded by difficulties under Title 5 U.S.C.A. § 3101, which provides:

"Each Executive agency, military department, and the government of the District of Columbia may employ such number of employees of the vari-

ous classes recognized by chapter 51 of this title as Congress may appropriate for from year to year."

If employees could attain reclassifications based on duties they themselves assumed, this could easily lead to there being more employees of a particular class in a given agency than Congress authorized. This, of course, would be intolerable. Under the circumstances the Commission's regulation does not appear to be unfair or unreasonable. Accordingly, the foregoing contention of plaintiff's is rejected, and plaintiff's motion for summary judgment is denied.

So ordered.